**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CARL DREWERY,** | Case Nos.    1:06CR594 |
| | (1:08CV13) |
| Petitioner, | |
| vs. | JUDGE ANN ALDRICH |
| UNITED STATES OF AMERICA, | |
| Respondent. | **MEMORANDUM AND ORDER** |

Before the court is *pro se* petitioner Carl Drewery's ("Drewery") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 878.) Respondent United States of America ("the government") filed a response to Drewery's motion (Doc. No. 888), to which Drewery has not filed a reply.[1]

For the reasons set forth below, the court denies Drewery's petition. Further, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B) that an appeal from this order would not be well taken.

**I.    Background**

On December 20, 2006, a federal grand jury in the Northern District of Ohio returned a multi-count indictment charging Drewery with conspiracy to possess with intent to distribute, and to distribute, cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count

---

[1] The government filed its response on January 18, 2008, and Drewery's time in which to reply has long since passed.

1), distribution of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 60), and distribution of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 61).

Pursuant to a written plea agreement with the government, Drewery pled guilty to Count 1 of the indictment, and the government dismissed Counts 60 and 61.  On September 4, 2007, Drewery was sentenced to 110 months, followed by 3 years of supervised release.  Drewery did not appeal his sentence.

Drewery filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel when his attorney failed to make a second argument for a downward departure.

**II.     Legal Framework**

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Generally, sentencing challenges not made on direct appeal are waived and cannot be made for the first time in a post-conviction § 2255 motion.  *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).  However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington*."  *Id*.  The *Strickland* standard applies to claims of ineffective assistance of counsel at the sentencing

phase. *See Lorraine v. Coyle*, 291 F.3d 416, 427 (6th Cir. 2002).

To prevail on an ineffective assistance of counsel claim under the *Strickland* standard, a petitioner must establish (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The performance inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. In making this inquiry, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner must therefore overcome the presumption that counsel's actions may have been sound strategy. *Id*.

"Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* at 694. A court need not address these prongs in any particular order, nor must a court address both if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Finally, the court applies a less stringent standard to a pro se litigant's petition than it would apply to pleadings filed by a lawyer. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). This less stringent standard has its limits, however, and "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001)).

**III.    Discussion**

Drewery argues that he received ineffective assistance of counsel when his attorney failed to make a second argument for a reduced sentence. For Drewery to prevail, he must satisfy both prongs of *Strickland* by showing (1) that his attorney's failure to make this additional argument for a downward departure fell below an objective standard of reasonableness, considering all of the circumstances, and (2) that but for his attorney's failure to so argue, Drewery would have received a different sentence. Here, Drewery's petition must be denied because he cannot satisfy either prong of *Strickland*.

Under the first prong of *Strickland*, Drewery must show it was unreasonable for his attorney to refrain from making a second argument for a downward departure. A review of the sentencing transcript does not support such a conclusion. Drewery began with a base offense level of 37 points and a criminal history of VI, subjecting him to a sentence of 360 months to life under the Sentencing Guidelines. Subsequently, he received a reduction of three points for his acceptance of responsibility, and an additional six-point reduction for substantial assistance, bringing him to 28 points with a criminal history of VI. The government agreed with this calculation, noting that office policy allowed no more than a six-point reduction for substantial assistance.

Drewery's attorney also agreed with the calculation, but argued that Drewery's exceptional cooperation and assistance "warrant[ed] a significant further downward departure." (Sentencing Tr. at 7, Doc. No. 884 at 7.) Drewery's attorney's argument on this point spans over two pages of the sentencing transcript, concluding with his request for an additional six-point reduction for substantial assistance. The government objected to this request pursuant to office policy, but conceded that an additional reduction of three levels might be in line. (Sentencing Tr. at 10, Doc. No. 884 at 10.)

The court noted that Drewery's level of cooperation indeed warranted an additional downward departure, and agreed that an additional reduction of three levels would be appropriate, reducing Drewery to an offense level of 25 points. Drewery was subsequently sentenced to 110 months, the bottom of the Guideline range for that level.

Drewery interprets the court's statement that his cooperation warranted an additional departure to mean that he deserved an additional departure from what the government had just conceded, meaning a reduction lower than 25. Based on this belief, he argues that he received ineffective assistance of counsel because his attorney failed to subsequently "follow up with an argument on [his] behalf for a lower level sentence using the Judge's statements as evidence." (Doc. No. 878 at 5.)

As a preliminary matter, Drewery's interpretation of the court's statement is not correct. The court's statement was made in response to the government's concession of the additional three-point reduction. The judge was merely citing a reason for why she felt that the additional three-point reduction was warranted; there is absolutely nothing in the transcript to suggest that the court was contemplating further reduction. Therefore, there was no legitimate basis for Drewery's attorney to argue for further reduction using the court's statements as evidence, especially in light of the fact that he had already made a lengthy argument for a greater reduction to the court. Accordingly, the first prong of *Strickland* is not established.

Even assuming *arguendo* that Drewery could satisfy the first prong, he cannot satisfy the second prong of *Strickland* because he cannot show that there is a reasonable probability that but for his attorney's challenged conduct, his sentence would have been different. Given that the court's statement was in response to Drewery's attorney's previous request for a greater downward

departure, and given that the attorney had devoted substantial time in making this request, there is not a reasonable probability that the result would have been different if his attorney had made a second argument. Further, in light of the fact that Drewery received a sentence of 110 months, less than 33% of the minimum sentence of 360 months he faced before the reductions, it is unlikely that additional argument would have resulted in a lesser sentence. Therefore, Drewery cannot satisfy the second prong of *Strickland*.

**IV.     Conclusion**

For the reasons set forth above, Drewery has failed to establish that he received ineffective assistance of counsel. Accordingly, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. (Doc. No. 878.) Further, because Drewery has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well taken.

IT IS SO ORDERED.

                                                     */s/   Ann Aldrich*
                                                     ANN ALDRICH
                                                    UNITED STATES DISTRICT JUDGE

**Dated:   May 16, 2008**