DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:06 CR 594 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Carl Drewery, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, with the assistance of the Office of the Federal Public Defender, has filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF 1460. The defendant was sentenced by the late Judge Ann Aldrich after pleading guilty to one count of conspiracy to distribute crack cocaine. As a part of his plea agreement, the defendant stipulated that the amount of crack cocaine was 94.4 grams.

As part of the plea agreement, the parties agreed that this amount of crack equated to a base offense level of 32 under the Chapter 2D drug guidelines. The parties also agreed that the defendant was a career offender thereby increasing his base offense level from 32 to 37. Then the defendant received a three-level reduction for acceptance of responsibility and a six-level reduction pursuant to 5K1.1 resulting in an offense level of 28. Judge Aldrich then granted an additional three-level downward departure as a variance resulting in a total offense level of 25. As the defendant was a criminal history category VI due to his career offender status, his sentencing guideline range was 110 to 137 months. Judge Aldrich imposed a sentence of 110 months.

(1:06 CR 594)

The defendant now contends, based on the Fair Sentencing Amendment, that his total offense level has been reduced to 22 and with a criminal history category VI, his sentencing guideline range has been lowered to 84 to 105 months and he seeks a revised sentence of 84 months.  The Court agrees with the revised lowered guideline range.

Even though a defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction in sentence is not automatic.

A district court's discretion is set forth in Section 3582(c)(2) itself, which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court **may** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  (Emphasis added.)

In making its determination whether it will impose an amended sentence or retain the original sentence, "the court shall consider the factors set forth in 18 U.S. C. § 3553(a)." U.S.S.G. § 1B1.10 Appl.  Note 1(B)(i).  The court must also evaluate public safety concerns:

> <u>Public Safety Consideration</u> - The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining:
>
> (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 Appl.  Note 1(B)(ii).  The court may, however, consider post-

2

(1:06 CR 594)

sentencing conduct:

> <u>Post-sentencing Conduct</u> - The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 Appl. Note 1(B)(iii).  Whereas district courts are required to evaluate public safety considerations, district courts may consider post-sentencing conduct and certainly are not required to grant a defendant's sentence reduction, as that decision is discretionary.  18 U.S.C. § 3582(c)(2); <u>Usery</u>, 109 F.3d at 1137.

The Court reviewed the defendant's presentence report.  The defendant's criminal history begins at paragraph 43 of the presentence report and concludes at paragraph 46.  The defendant has a drug trafficking conviction in state court earning one criminal history point.  *See* paragraph 46.  The defendant has an additional federal conviction for conspiracy to distribute cocaine and for which he received a sentence of 72 months.  The defendant completed a successful term of supervised release.

After reviewing the defendant's presentence report and the materials submitted in support of a reduction of the defendant's sentence, the Court concludes that the security concerns

(1:06 CR 594)

addressed herein will be satisfied by a revised sentence of 84 months with supervised release for a period of three years.

    The Court will prepare a sentencing order consistent with this opinion.


    IT IS SO ORDERED.


|  August 9, 2012 |  */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |